**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210203-U

Order filed February 15, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| DAVID REQUET, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellant | ) | Whiteside County, Illinois, |
| | ) | |
| (PVY DEVELOPMENT, LLC, an Iowa | ) | |
| Limited Liability Company, Plaintiff), | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-21-0203 |
| STENGEL, BAILEY & ROBERTSON, | ) | Circuit No. 17-L-6 |
| a partnership of attorneys and partners; | ) | |
| WILLIAM R. STENGEL; KATHLEEN | ) | |
| BAILEY; DONOVAN S. ROBERTSON; | ) | |
| JEAN M. FRIEMEL; and SARAH GORHAM, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants-Appellees | ) | Honorable |
| | ) | Patricia A. Senneff, |
| (Francis J. Coyle, Jr., Defendant). | ) | Judge, Presiding. |

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Davenport and Peterson concurred in the judgment.

**ORDER**

¶ 1      *Held*:    The court did not err as a matter of law when it granted summary judgment.

The plaintiff, David Requet, filed a complaint founded in legal malpractice, negligence,

fraud, and breach of fiduciary duty against the defendants: (1) Francis J. Coyle, Jr.; (2) Stengel, Bailey & Robertson (the firm); and (3) the firm's individual partners (William R. Stengel, Kathleen Bailey, Donovan S. Robertson, Jean M. Friemel, and Sarah Gorham). The circuit court granted summary judgment in favor of the firm and its partners. Requet appeals.

¶ 2                                    I. BACKGROUND

¶ 3        The following allegations were set forth in the complaint. Before 2008, Coyle was a partner of the law firm Coyle, Gilman, Stengel, Bailey & Robertson located in Rock Island, Illinois. In 2008, Stengel, Bailey & Robertson (the firm) formed and separated from Coyle.

¶ 4        In July 2011, Requet retained Coyle to provide legal representation in a real estate transaction for PVY Development (PVY), a company that develops and sells Walgreens stores. Requet was the managing member of PVY where he owned a 40% interest, his wife owned a 10% interest, and another married couple owned the other 50%. Coyle previously represented Requet (personally) and several of his businesses for over 20 years. It was later discovered that Coyle intentionally misappropriated money from the real estate transaction, and he was eventually disbarred. Requet brought this action founded in legal malpractice, negligence, fraud, and breach of fiduciary duty on behalf of himself, individually, against Coyle, the firm, and the firm's individual partners.[1] He alleged, as a result of Coyle's actions, he personally suffered nearly $3 million in damages. Requet stated that he was in a distressed financial condition and depended on the success of the real estate transaction to generate sufficient cash to solve his pressing demands.

¶ 5        Requet alleged that the firm and its partners were jointly and severally liable with Coyle for damages based on the theories of implied agency and estoppel. Specifically, he claimed that

[1]Requet also filed claims on behalf of PVY as its managing member but PVY's involvement ceased during these proceedings.

the firm's 2008 separation from Coyle was not made known to him or the public, as, among other things: (1) the firm continued to practice under the old firm's name, which included Coyle, in its court filings until 2014; (2) the firm and Coyle continued to remain in the same office suite until late 2013 and used the same telephone, fax number, and stationary; (3) the firm and Coyle shared a client funds trust account; and (4) legal directories through 2014 used the old firm name.

¶ 6          Requet moved for summary judgment on these claims, asserting that he was a third-party beneficiary of the legal services Coyle rendered to PVY. The firm and its partners also moved for summary judgment, arguing, among other things, that no attorney-client relationship existed between Requet, individually, and Coyle for the transaction at issue. In other words, they provided that Requet's only involvement in the transaction was as PVY's manager. The court granted the firm and its partners' motion for summary judgment, which rendered any remaining claims against Coyle under the same theories of liability moot. The court's order provided that Requet failed to allege sufficient facts that support an attorney-client relationship between him and Coyle/the firm.

¶ 7          This appeal followed.

¶ 8                                      II. ANALYSIS

¶ 9          The instant case was decided in the context of cross-motions for summary judgment. "When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issue based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. We review a circuit court's entry of summary judgment *de novo*. *Enbridge Energy, Limited Partnership v. Village of Romeoville*, 2020 IL App (3d) 180060, ¶ 69.

¶ 10         Requet argues that the facts presented justify expanding the rule set forth in *Pelham v. Griesheimer*, 92 Ill. 2d 13 (1982), to establish an attorney-client relationship between him and Coyle/the firm. In that case, an attorney was retained to represent a wife in divorce proceedings.

3

*Id.* at 16. The divorce decree required the husband to maintain his minor children as the primary beneficiaries of his life insurance policies. *Id.* Thereafter, the husband remarried and named his second wife as the beneficiary of his life insurance policy through his employer, and she received the proceeds after his death. *Id.* The children brought a malpractice suit against the attorney who represented their mother and argued that they were direct third-party beneficiaries of the contract between their mother and her attorney. *Id.* at 16-17. The circuit court found that no attorney-client relationship existed and dismissed the compliant, which the appellate court affirmed. *Id.* at 16.

¶ 11    The supreme court recognized the general rule that an attorney is only liable to his client and not to third persons. *Id.* at 19. However, a narrow exception was created where the court stated that "for a nonclient to succeed in a negligence action against an attorney, he must prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party," in addition to the other elements of the cause of action. *Id.* at 21. In the case before it, the court found that the children did not meet this threshold, explaining that "[t]o conclude that an attorney representing one of the spouses also owes a legal duty to the children of the two litigants would clearly create conflict-of-interest situations." *Id.* at 23. The court stated a different outcome may be warranted if there were facts to show that the attorney had a duty to notify the insurance company or the husband's employer of the beneficiary requirement in the divorce decree. *Id.* at 24. This would show that an attorney may have had a duty to exercise reasonable care because his client and the children could have justifiably relied on that undertaking. *Id.* However, because no such facts were before it, the supreme court affirmed. *Id.* at 24-25.

¶ 12    As applied to this case, the *Pelham* exception required Requet to prove that the primary purpose and intent of any attorney-client relationship between PVY and Coyle/the firm was to benefit or influence him. See *Reddick v. Suits*, 2011 IL App (2d) 100480, ¶ 35 (the attorney must

4

be specifically hired for the purpose of benefitting the third party); *Blue Water Partners, Inc. v. Edwin D. Mason, Foley & Lardner*, 2012 IL App (1st) 102165, ¶ 38 (proof of intent to benefit or influence a third party must be specific and a claim that the third party is a shareholder is by itself insufficient to establish a duty under a third-party theory).

¶ 13    Requet simply does not make this showing and instead asks this court to "widen the window" *Pelham* created and allow his claim because (1) the allegation that Coyle's actions were intentional, which was far more serious of a wrong compared to allegations of negligence or ordinary legal malpractice; and (2) he had a decades long relationship with Coyle. Requet essentially asks this court to create a new factor-based test to fit the specific circumstances of his case to establish an attorney-client relationship. We fail to see how it would be appropriate to do so when the supreme court has already created a narrow exception. Additionally, the supreme court did not suggest that either of these factors had any bearing on its decision in *Pelham*. Thus, we decline to expand the exception created in *Pelham* as we find no legal basis to do so.

¶ 14    Since Requet fails to meet the exception to establish an attorney-client relationship, the general rule applies in that an "attorney for a corporation, even a closely held one, does not have a specific fiduciary duty toward the individual shareholders." *Hager-Freeman v. Spircoff*, 229 Ill. App. 3d 262, 277-78 (1992). Therefore, the court did not err as a matter of law when it granted the firm's motion for summary judgment.

¶ 15                              III. CONCLUSION

¶ 16    For these reasons, the judgment of the circuit court of Whiteside County is affirmed.

¶ 17    Affirmed.

5